CHADWELL, Plaintiff-Appellant, v. CAIN et, Defendant-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5705. Decided February 4, 1958.

James B. Albers, Columbus, for plaintiff-appellant.
Russell Leach, City Atty., Alba Whiteside, Asst. City Atty., Columbus, for defendant-appellee.

## OPINION

By PETREE, PJ.

This was originally an appeal on questions of law and fact. On October 14, 1957, by agreement of the parties, an entry was filed in this court in which the appeal was dismissed upon questions of law and fact and retained as an appeal upon questions of law only.

The action in the Common Pleas Court was begun by the plaintiff, appellant herein, seeking an injunction against the defendant, appellee herein, in an annexation case. At the conclusion of the case, the Common Pleas Court made the following final entry in the case:

"This cause having come on for hearing and being submitted to the Court upon the pleadings and the evidence the Court finds:

"1. That plaintiff is a 'person interested' within the purview of §709.07 R. C., and has legal capacity to litigate the question of jurisdiction of the Board of County Commissioners in this action.

"2. That at the time of public hearing before the Board of County Commissioners, August 14, 1956, the withdrawals of original signators of the petition left less than a majority of adult resident freeholders still desirous of annexation at that time.

"3. That prior to any withdrawals of original signators, 'official action' had been taken by the Board of County Commissioners. on April 24, 1956. when it adopted a formal order (1) directing that the petition be filed with the County Auditor (2) fixing the date of hearing and (3) directing the notification of the agent as to the time and place of hearing.

"4. That by virtue of such 'official action' being taken prior to with-

drawals of signators, the Board of County Commissioners had jurisdiction to make its order of August 14, 1956, approving the annexation.

"It is, therefore, ordered, adjudged and decreed that plaintiff's request for injunction is denied, the petition for injunctive relief is dismissed in accordance with the provisions of §709.08 R. C., and final judgment is rendered for defendant at the costs of plaintiff, to all of which plaintiff excepts and his exceptions hereby noted."

The only assignment of error of the appellant contains the following language:

"Plaintiff-Appellant states that the judgment of the Court of Common Pleas is erroneous in the following respects, to wit:

"1. The Court held contrary to the law of Ohio in determining Petition signatures could not be withdrawn.

"WHEREFORE, plaintiff-appellant prays this Court to reverse the judgment of the trial court and enter judgment for plaintiff-appellant."

After reviewing the record, the briefs of counsel, the opinion of the trial court, together with the entry which we have heretofore set forth, we conclude that the trial court was correct in its decision that the Board of County Commissioners had jurisdiction to make its order of August 14, 1956, approving the annexation.

While the case of **Grinnell v. Adams, 34 Oh St 44,** cited in 14 West's Ohio Digest under "Highways" under Key No. 32, involved a road petition, the reasoning of the court is very persuasive on the questions involved in the instant case. The syllabus in the Grinnell case is as follows:

"After the jurisdiction of county commissioners, in the matter of laying out or altering a county road, has attached by the filing of a proper petition, etc., such jurisdiction can not be defeated by any number of the petitioners afterward becoming remonstants against the granting of the prayer of the petition."

The later cases appear to hold that jurisdiction attaches upon official action being taken prior to withdrawal of the signatures.

The opinion of Judge Leach covers the questions involved so completely that we feel it unnecessary to repeat the citations and the reasoning by which his decision was arrived at.

There must be some limit to a person's right to change his mind and stop actions which he has started by voluntary signature. The law favors certainty over uncertainty.

The official action which the lower court found that the commissioners had taken prior to the attempted withdrawal of the signatures was, in our opinion, sufficient to vest jurisdiction in the Board of County Commissioners. We hold that the assignment of error is not well taken, and the judgment of the trial court will be affirmed.

Judgment affirmed.

BRYANT and MILLER, JJ, concur.